May 29, 1911.

————o————

## 5347.

## JOHN HOTARD vs. GOLD MINE PLANTING COMPANY, LTD., (In Liquidation).

Issues of fact only are involved herein.

Appeal from the 28th, Judicial District Court, Parish of St. John the Baptist.

Jas. Wilkinson, for plaintiff and appellant.

Jas. Legendre, for defendant and appellee.

DUFOUR, J.—The plaintiff sues to recover of defendant a year's salary as overseer on the grounds that, not only there was no notice putting an end to the contract given to him, but that the contract was expressly renewed in September 1909, for the year 1910.

For ten years preceding, the plaintiff had been yearly and continuously employed by the defendant under a verbal contract by the terms of which either party wishing to terminate the engagement was obligated to notify the other of his intention, during the month of September immediately preceding the expiration of the employment.

This controversy brings on the interpretation placed on the occurrence at an interview between plaintiff and Tassin, president of the defendant company, on September 10, 1909.

The former says that Tassin observed that, in case the plantation was sold he would pay the plaintiff's salary for the next year, as usual.

Tassin states that he told him he thought the plantation would be sold and that, "if we did sell it and he failed to obtain any employment for the year 1910, that I would see that he got his salary for that year, that he need not worry, as I would help him out to find a position."

No one was present during the conversation and both sides candidly admit the good character of both gentlemen; the value of the recollection of the two witnesses must be tested by the probabilities of the case.

Though the promise of sale and the actual sale were not effected until November and December respectively, it is clear that Hotard was fully informed in September that the plantation would be sold, if possible.

The matter being then settled, it looks probable that the parties should not have abrogated their contract, but

modified it so as to mutually protect each other. If the plantation was not sold, Hotard was to retain his position; if it was sold, his salary was to be paid for the next year, unless he secured another position equally acceptable.

This seems to us to be a fair and honest settlement, an equitable new conditional contract, between parties who, for years past, had entertained feelings of affection and respect for each other, and who cannot be credited with any desire to obtain a sordid advantage.

That this was at the time in Hotard's mind is indicated by the fact that in November he called on Mr. Blouin to endeavor to secure a position.

We are in full accord with the district judge who accepted the defendant's version of the interview and who adds that Tassin, his relatives and friends "went very far in procuring for plaintiff his new position."

Our conclusion of fact obviate any necessity of discussing the questions of law presented.

The judgment rejecting plaintiff's demand is correct.

Judgment affirmed.

### Dissenting Opinion.

ST. PAUL, J.—I dissent on the ground that the defense sets up a new contract, and, therefore, carries the burden of proof; that it has not discharged this burden by a preponderance of evidence, nor by a sufficiency of evidence, even were there no conflict of testimony.

**Civil Code, 2277.**

May 29, 1911.

Rehearing refused, June 7, 1911.

Writ denied by Supreme Court, June 30, 1911.